# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALISON BARKHOLTZ, et al.,
      Plaintiffs,

    v.
                                      Case No. 24-cv-889

MICHAEL TORREZ IVORY, et al.,
      Defendants.

## DECISION AND ORDER

On November 6, 2022, a commercial tractor-trailer operated by Michael Torrez Ivory struck Thomas Schneller's vehicle on U.S. Highway 151 in Trenton, Wisconsin. Schneller died at the scene, and his estate and family commenced this action against several parties. Named defendants include Ivory (the truck driver), CH Logistics Corp. (Ivory's employer), Acko Trucking, Inc. (the tractor lessor), Connect Freight, Inc. (the trailer lessor), Washington Producers, Inc. (the cargo owner), Fixa Transport, Inc. (the titled owner of the tractor-trailer), and Summit Logistics Group (a transportation broker).

Summit Logistics Group ("Summit") now moves under Rule 12(b)(6) to dismiss all claims against itself. For the reasons that follow, Summit's motion is denied as to its preemption and statute-of-limitations arguments, but granted for failure to state a claim.

## I. JURISDICTION

The amended complaint asserts that this court has subject-matter jurisdiction by complete diversity of the parties because the plaintiffs are citizens of Wisconsin, none of the defendants are citizens of Wisconsin, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). It alleges that Michael Ivory is a "resident" of Arkansas, but citizenship for diversity purposes is determined by "domicile," not residence. *America's*

*Best Inns, Inc. v. Best Inns of Abilene*, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992). I will presume that Ivory is domiciled in Arkansas. Plaintiffs allege that CH Logistics Corp., Acko Trucking Inc., Connect Freight Inc., Washington Producers, Inc., and Fixa Transport, Inc., are Illinois and Washington corporations with principal places of business in those states. *See* 28 U.S.C. § 1332(c)(1). Plaintiffs allege that Summit Logistics Group, LLC, is a North Carolina corporation with a principal place of business in North Carolina. But Summit is a limited liability company, not a corporation, and its citizenship is therefore the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). I take judicial notice of Summit's LLC annual report[1] and surmise that it has a single member—Gary Sholar—who is domiciled in North Carolina.

Therefore, absent contrary evidence, I will proceed on the understanding that jurisdiction under § 1332(a) is proper. The amended complaint also asserts that personal jurisdiction and venue are proper, and no defendant has challenged that claim.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss under Rule 12(b)(6), I must "accept the well-pleaded facts

---

[1] Secretary of State of North Carolina, *Business Registration Search* (last visited May 14, 2026), https://sosnc.gov/online_services/search/profile_filings/12430083.

in the complaint as true"; however, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616.

## III. DISCUSSION

First, Summit argues that federal law preempts plaintiffs' state-law tort claims against it. Second, Summit argues that all claims against it are untimely under Wisconsin's statute of limitations. Third, Summit argues that the amended complaint fails to state a claim against it.

### A. FAAAA Preemption

Summit argues that the Federal Aviation Administration Authorization Act ("FAAAA"), as amended in 1996, preempts and bars state-law claims against transportation brokers for negligence where the broker fails to exercise reasonable care and engages a shipping carrier who later causes an accident. *See* 49 U.S.C. § 14501; *Ye v. GlobalTranz Enterprises, Inc.*, 74 F.4th 453, 464 (7th Cir. 2023). The FAAAA prohibits states from enacting or enforcing laws "having the force and effect of law related to a price, route, or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." § 14501(c)(1). This general rule, however, does not apply to "the safety regulatory authority of a State with respect to motor vehicles." § 14501(c)(2)(A).

As plaintiffs note, this defense relies on an interpretation of § 14501(c)(2)(A) expressed in *Ye* that the Supreme Court took under review in its October 2025 term. *See Montgomery v. Caribe Transport II, LLC*, 146 S.Ct. 79 (2025) (cert. granted). On May 14, 2026, the Supreme Court decided that tort claims against brokers "are claims 'with

3

respect to motor vehicles.'" *Montgomery*, No. 24-1238, 2026 WL 1336188, *4 (May 14, 2026) (slip op.) (quoting § 14501(c)(2)(A)). Therefore, such claims are *not* preempted by the FAAAA. This decision overrules *Ye* and fatally undermines Summit's position. Therefore, Summit's motion as to FAAAA preemption is denied.

**B. Statute of Limitations**

Summit next argues that all claims against it are barred by Wisconsin's statute of limitations. Tort claims in Wisconsin "to recover damages for injuries . . . arising from an accident involving a motor vehicle" must generally be brought within three years of the date they accrue. Wis. Stat. § 893.54(1m). Tort claims "to recover damages for death . . . and arising from an accident involving a motor vehicle," however, must be brought within two years. *Id.* § 893.54(2m). Summit was first named as a defendant in the amended complaint filed on February 4, 2026, which is more than three years after the November 6, 2022, vehicle accident.

Plaintiffs argue that their claims against Summit relate back to the original complaint because Summit knew or should have known of the accident and that it would have been named as a defendant but for plaintiffs' mistake. They further argue that the claims against Summit did not start accruing until Summit's identity was discovered or could have been discovered with reasonable diligence. Therefore, plaintiffs argue that their claims relate back to the July 16, 2024, original complaint and are timely. Alternatively, plaintiffs argue that the statute of limitations clock began ticking on August 28, 2025, when Summit's identity was first disclosed to plaintiffs in discovery produced by CH Logistics.

4

Rule 15(c) states that claims in an amended complaint against a new defendant relate back to the date of the original complaint when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," "the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits," and the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Considering the parties' arguments, and without reaching the question of timely notice, I conclude that the claims against Summit do not relate back. This is because plaintiffs cannot show that Summit "knew or should have known" that it would be named as a defendant in the original complaint but for plaintiffs' mistake. At the time plaintiffs commenced this action, binding Seventh Circuit precedent would have barred plaintiffs' tort claims against brokers like Summit. I cannot fairly expect a defendant to anticipate being sued for then-meritless claims.

But, as Summit concedes, there is insufficient detail on the face of the complaint to determine when plaintiffs' claims accrued under Wisconsin's "discovery rule." ECF No. 69 at 4, n.1. In Wisconsin, the limitations window for a tort claim opens when the claim "accrues." *See* Wis. Stat. § 893.54. This occurs when "there exists a claim capable of enforcement, a suitable party against whom it may be enforced, and a party with a present right to enforce it." *Pritzlaff v. Archdiocese of Milwaukee*, 194 Wis.2d 302, 315, 533 N.W.2d 780 (1995). Therefore, Wisconsin courts apply the "discovery rule"—"so named because it tolls the statue of limitations until the plaintiff discovers or with reasonable

diligence should have discovered that he or she has suffered actual damage due to wrongs committed by a particular, identified person." *Id.*

Unless a plaintiff "pleads itself out of court by pleading facts that establish an impenetrable defense to its claims," it is inappropriate to dismiss a complaint on facts not found in the complaint. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). The date that plaintiffs ostensibly discovered Summit's identity is alleged nowhere in the amended complaint. For that reason, I cannot currently find that the claims against Summit are time barred, so Summit's motion as to its statute of limitations argument is denied.

## C. Failure to State a Claim

Finally, Summit argues that the amended complaint fails to state a claim. Plaintiffs accuse Summit of negligent entrustment and negligent infliction of emotional distress under Wisconsin law.

To establish a claim of negligent entrustment, plaintiffs must show that Summit (1) was initially in control of some object, (2) permitted a third party to use the object, and (3) knew or in the exercise of ordinary care should have known that the third party intended to, or was likely to, use the object in a way that would create an unreasonable risk of harm to others. *Bankert v. Threshermen's Mut. Ins. Co.*, 110 Wis.2d 469, 476, 329 N.W.2d 150 (1983); Wis. JI-Civ. 1014, *Negligent Entrustment* (2017).

For a claim of negligent infliction of emotional distress, plaintiffs must show that (1) Summit was negligent with respect to hiring CH Logistics, (2) the decision to hire CH Logistics was a cause of plaintiffs' emotional distress, and (3) the emotional distress is severe. *Camp ex rel. Peterson v. Anderson*, 2006 WI App 170, ¶ 18, 721 N.W.2d 146;

Wis. JI-Civ. 1511, *Negligent Infliction of Severe Emotional Distress* (2024). Summit argues that the complaint fails to plausibly allege it knew or should have known that CH Logistics and Michael Ivory would act in a negligent manner.

I agree that the amended complaint does not allege sufficient facts to state a plausible claim against Summit. The complaint describes in detail how Michael Ivory was negligent by failing to yield to oncoming traffic, keep a lookout for other vehicles, maintain control of his vehicle, and obey Wis. Stat. § 346.18(4) which gives the right-of-way to vehicles already on the highway. But as to Summit, the allegations are mere threadbare legal conclusions. *See Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Paragraphs 36 and 37—the only allegations discussing Summit's liability—allege that Summit is liable for negligent entrustment because it was the broker engaged to have CH Logistics ship buckwheat for Washington Producers. Nothing in the complaint suggests that Summit knew, or should have known, that CH Logistics or Michael Ivory were particularly dangerous or unqualified. Likewise, nothing in the complaint suggests that Summit breached a duty of care to plaintiffs or that Summit's actions were a sufficiently proximate cause of plaintiffs' injuries.

Federal courts do not require "code pleading" or "fact pleading"—matching facts to every element of a legal theory. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). All a plaintiff needs is a "short, plain statement" of facts giving rise to a plausible claim for relief. Fed. R. Civ. P. 8(a). Each claim must be alleged in the complaint itself, and plaintiffs cannot amend their complaint in their brief opposing a motion to dismiss. *Pirelli Retiree Medical Benefits Trust v. Walgreens*, 631 F.3d 436, 448 (7th Cir. 2011). But the Seventh

7

Circuit allows plaintiffs to "supplement" their complaint with "extra assertions" in the brief opposing a motion to dismiss. *Knox v. Curtis*, 771 F.App'x 656, 658, n.2 (7th Cir. 2019). The district court must consider those additional facts "so long as they are consistent [with] the allegations in the complaint." *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).

In their response brief, plaintiffs elaborate that Summit "had a duty to select and verify safe motor carriers when brokering shipping for buyers and sellers of goods." ECF No. 66 at 10. "Defendant [Summit] knew or should have known that CH Logistics was an unsafe or lower quality motor carrier. In failing to select a safe motor carrier, Defendant [Summit] negligently entrusted a shipment of 45,000 pounds of Buckwheat across nearly 2,000 miles." *Id.*

Even with these additional statements, plaintiffs fail to state a claim against Summit. Why did Summit know, or should it have known, prior to the November 2022 accident that CH Logistics was unsafe or lower quality? It is certainly possible that they did or should have, but plaintiffs must allege *facts* that make their claim appear plausible. *Iqbal*, 556 U.S. at 663. Was Summit aware of previous unsafe incidents involving CH Logistics or Michael Ivory? Did CH Logistics charge a suspiciously low price so as to suggest it was cutting corners? Plaintiffs allege nothing of the sort. One single accident after Summit's hiring decision does not support a plausible inference that Summit knew or should have known that CH Logistics was unsafe or lower quality. Plaintiffs needed to allege *something* to suggest Summit itself was negligent, but the complaint alleges nothing.

For these reasons, Summit's motion to dismiss for failure to state a claim is granted. However, plaintiffs request leave to amend and that request will be granted.

8

## IV. CONCLUSION

Therefore, **IT IS ORDERED** that Summit's Motion to Dismiss for Failure to State a Claim (ECF No. 62) is **GRANTED**. Plaintiffs may amend their complaint no later than May 29, 2026.

Dated at Milwaukee, Wisconsin, this day 18th of May, 2026.

/s/Lynn Adelman
LYNN ADELMAN
United States District Judge

9